## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN ANDERSON and TIMOTHY BUCKLEY,**<br>**762 Watchung Road**<br>**Bound Brook, NJ 08805**<br>      **Plaintiffs**<br><br>  v.<br><br>**PENSKE TRUCK LEASING CO., L.P.,**<br>**2675 Morgantown Road**<br>**Reading, PA 19607;**<br><br>**PENSKE LOGISTICS, LLC,**<br>**2675 Morgantown Road**<br>**Reading, PA 16907;**<br><br>**TRANSERVICE LOGISTICS, INC.,**<br>**5 Dakota Drive**<br>**Lake Success, New York 11042;**<br><br>**MICHAEL DAVID KINNICK,**<br>**Administrator of the Estate of ALFRED KINNICK,**<br>**1015 Washington College Station Road,**<br>**Limestone, TN 37681;**<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.**<br>**1000 FedEx Drive**<br>**Coraopolis, PA 15108;**<br><br>**FEDERAL EXPRESS CORPORATION,**<br>**942 South Shady Grove Road**<br>**Memphis, TN 38120;**<br><br>**SHOTA MANVELIDZE,**<br>**12 Frances Avenue Apartment 2B,**<br>**Nyack, NY 10960;** | **CIVIL ACTION – LAW**<br><br>**NO.:**<br><br><br><br><br>**ELECTONICALLY FILED** |

**A-1 LIMOUSINE, INC.,**
**4458 Commerce Drive**
**White Hall, PA 18052;**

**KEITH COYLE,**
**32 Sam Brooke Circle**
**Lehighton, PA  18235;**

**GATES EQUIPMENT SERVICES,**
**P.O. Box 250**
**Lindsay, TX 76250;**

**LONE STAR TRANSPORTATION, LLC,**
**1100 North Way Drive**
**Fort Worth, TX 76131;**

**SOLOMON GARRETT,**
**100 Trelawney Circle**
**Covington, GA 30016; and**

**OMAR PLACENCIO-CORREA,**
**437 East End**
**Lancaster, PA 17602**
                    **Defendants**

## COMPLAINT

Plaintiffs, Susan Anderson and Timothy Buckley by and through their attorneys, **HANDLER, HENNING & ROSENBERG, LLP**, make the within Complaint against the Defendants, and aver as follows:

1.      This Court has jurisdiction under the provisions of 28 U.S.C. § 1332.

2.      Venue lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391 as this case involves multiple motor vehicle collisions that occurred in the Middle District of Pennsylvania.

**Parties**

3.      Plaintiffs Susan Anderson and Timothy Buckley are husband and wife, residing in Bound Brook, Somerset County, New Jersey 08805.

4.      Defendant, Penske Truck Leasing Co., L.P., is a truck leasing company, doing business in the Middle District of Pennsylvania with principal offices located at 2675 Morgantown Road, Reading, PA 19607.

5.      Defendant, Penske Logistics, LLC, is a supply chain and logistics company, doing business in the Middle District of Pennsylvania with principal offices located at 2675 Morgantown Road, Reading, PA 19607.

6.      Defendant, Transervice Logistics, Inc. is a supply chain and logistics company, doing business in the Middle District of Pennsylvania with principal offices located at 5 Dakota Drive, Lake Success, New York 11042.

7.      Defendant, Michael D. Kinnick, is the Administrator of the Estate of Alfred Kinnick. He resides at 1015 Washington College Station Road, Limestone, TN 37681.

8.      Defendant FedEx Ground Package System, Inc. is a company that transports products, doing business in the Middle District of Pennsylvania with

principal offices located at 1000 FedEx Drive, Coraopolis, PA 15108.

9.      Defendant Federal Express Corporation is a company that transports products, doing business in the Middle District of Pennsylvania with principal offices located at 942 South Shady Grove Road, Memphis, TN 38120.

10.     Defendant, Shota Manvelidze is an adult individual residing at 12 Frances Avenue, Apartment 2B, Nyack, NY 10960.

11.     Defendant A-1 Limousine, Inc., is a transportation company located at 4458 Commerce Drive, White Hall, Lehigh County, PA 18052.

12.     Defendant Keith Coyle is an adult individual residing at 32 Sam Brooke Circle, Lehighton, Carbon County, PA 18235.

13.     Defendant Gates Equipment Services is a trucking company, doing business in the Middle District of Pennsylvania with a principal office located at P.O. Box 200, Lindsay, TX 76250.

14.     Defendant Lone Star Transportation, LLC is a trucking company, doing business in the Middle District of Pennsylvania with a principal office located at 1100 North Way Drive, Fort Worth, TX 76131.

15.     Defendant Solomon Garrett is an adult individual residing at 100 Trelawney Circle, Covington, GA 30016.

**Alfred Kinnick , Penske Truck Leasing Co., L.P., Penske Logistics, LLC, and Transervice Logistics, Inc.**

16.     At all times material hereto, Alfred Kinnick was a professional commercial vehicle driver.

17.     At the time of the subject motor vehicle collisions, Alfred Kinnick was operating a 2016 Freightliner tractor, pulling a trailer, on behalf of Defendant Penske Truck Leasing Co., L.P. (Penske Truck Leasing) and/or Penske Logistics, LLC (Penske Logistics) (collectively, Penske Defendants).

18.     At the time of the subject motor vehicle collisions, Alfred Kinnick was operating a 2016 Freightliner tractor, pulling a trailer, on behalf of Defendant Transervice Logistics, Inc.

19.     Defendant Penske Truck Leasing is a commercial truck leasing company operating under U.S. Department of Transportation (DOT) No. 327574.

20.     Defendant Penske Logistics is a supply chain and logistics company operating under DOT No. 268015, and operating with motor carrier authority under Motor Carrier (MC) No. 143308.

21.     Defendant Transervice Logistics, Inc. is a supply chain and logistics company operating under DOT No. 620402, and operating with motor carrier authority under MC No. 295793.

22.     At all times material hereto, Alfred Kinnick was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

23.    At all times material hereto, the Penske Defendants were required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

24.    At all times material hereto, Defendant Transervice Logistics, Inc. was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

25.    At all times material hereto, Alfred Kinnick was operating the 2016 Freightliner tractor with the express permission of the Defendant Penske Truck Leasing.

26.    At all times material hereto, Alfred Kinnick was operating the 2016 Freightliner tractor with the express permission of the Defendant Penske Logistics.

27.    At all times material hereto, Alfred Kinnick was operating the 2016 Freightliner tractor with the express permission of Transervice Logistics, Inc.

28.    At all times material hereto, Alfred Kinnick was an employee, agent or servant of Defendant Penske Trucking Leasing, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency, direction and commission.

29.    At all times material hereto, Alfred Kinnick was an employee, agent or servant of Defendant Penske Logistics, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency,

direction and commission.

30.    At all times material hereto, Alfred Kinnick was an employee, agent or servant of Defendant Trnaservice Logistics, Inc., and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency, direction and commission.

**Shota Manvelidze, FedEx Ground Package System, Inc. and Federal Express Corporation**

31.    At all times material hereto, Defendant Shota Manvelidze was a professional commercial vehicle driver.

32.    At the time of the subject motor vehicle collisions, Defendant Shota Manvelidze was operating a 2009 Volvo Tractor, pulling two trailers on behalf of Defendant FedEx Ground Package System, Inc. (FedEx Ground) and/or Federal Express Corporation (Federal Express) (collectively, FedEx Defendants).

33.    Defendant FedEx Ground is an interstate commercial carrier that operates under the DOT No. 265752, and with motor carrier authority under MC No. 179059.

34.    Defendant Federal Express is an interstate commercial carrier that operates under the DOT No. 86876, and with motor carrier authority under MC No. 66562.

35.    At all times material hereto, Defendant Shota Manvelidze was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of

Pennsylvania.

36.     At all times material hereto, the FedEx Defendants were required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

37.     At all times material hereto, Defendant Shota Manvelidze was operating the 2009 Volvo tractor, pulling two trailers, with the express permission of Defendant FedEx Ground.

38.     At all times material hereto, Defendant Shota Manvelidze was operating the 2009 Volvo tractor, pulling two trailers, with the express permission of Defendant Federal Express.

39.     At all times material hereto, Defendant Shota Manvelidze was an employee, agent or servant of Defendant FedEx Ground, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency, direction and commission.

40.     At all times material hereto, Defendant Shota Manvelidze was an employee, agent or servant of Defendant Federal Express, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency, direction and commission.

**Keith Coyle and A-1 Limousine, Inc.**

41.     At all times material hereto, Defendant Keith Coyle was a professional commercial vehicle driver.

42.     At the time of the subject motor vehicle collisions, Defendant Keith Coyle was operating a 2002 bus on behalf of Defendant A-1 Limousine, Inc.

43.     Defendant A-1 Limousine, Inc., is an interstate commercial carrier that operates under DOT No.153671, and with motor carrier authority under MC No. 77751.

44.     At all times material hereto, Defendant Keith Coyle was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

45.     At all times material hereto, Defendant A-1 Limousine, Inc. was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

46.     At all times material hereto, Defendant Keith Coyle was operating the bus with the expressed permission of Defendant A-1 Limousine, Inc.

47.     At all times material hereto, Defendant Keith Coyle was an employee, agent or servant of Defendant A-1 Limousine, Inc., and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment, agency, direction and commission.

**Solomon Garrett, Gates Equipment Services, and Lone Star Transportation, LLC**

48.    At all times material hereto, Defendant Solomon Garrett was a professional commercial vehicle driver.

49.    At the time of the subject motor vehicle collisions, Defendant Solomon Garrett was operating a 2007 Peterbilt tractor, pulling a trailer on behalf of Defendant Gates Equipment Services (Gates Equipment) and/or Lone Star Transportation, LLC (Lone Star).

50.    Defendant Gates Equipment Services is a trucking company and/or interstate commercial carrier that operates under the U.S. Department of Transportation.

51.    Defendant Lone Star is an interstate commercial carrier that operates under the DOT No. 320691, and with motor carrier authority under MC No. 210209.

52.    At all times material hereto, Defendant Solomon Garrett was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

53.    At all times material hereto, Defendant Gates Equipment was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

54.    At all times material hereto, Defendant Lone Star was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of

Pennsylvania.

55.     At all times material hereto, Defendant Solomon Garrett was operating a 2007 Peterbilt tractor, pulling a trailer, with the express permission of Defendant Gates Equipment

56.     At all times material hereto, Defendant Solomon Garrett was operating a 2007 Peterbilt tractor, pulling a trailer, with the express permission of Defendant Lone Star.

57.     At all times material hereto, Defendant Solomon Garrett was an employee, agent or servant of Defendant Gates Equipment, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment agency direction and commission.

58.     At all times material hereto, Defendant Solomon Garrett was an employee, agent or servant of Defendant Lone Star, and in performing the acts alleged in this Complaint, was acting within the course and scope of such employment agency direction and commission.

**Omar Placencio-Correa**

59.     At all times material hereto, Defendant Omar Placencio-Correa was a professional commercial vehicle driver.

60.     At the time of the subject motor vehicle collisions, Defendant Omar Placencio-Correa was operating a 2001 Freightliner tractor, pulling Great Dane

trailer.

61.     At all times material hereto, Defendant Omar Placencio-Correa was required to follow and obey the Federal Motor Carrier Safety Regulations and the laws of Pennsylvania.

62.     As a direct and proximate result of the combined negligence of all the Defendants, Plaintiffs Susan and Timothy Buckley sustained damages as set forth more specifically below.

## FEBRUARY 13, 2016 MOTOR VEHICLE COLLISIONS

63.     On February 13, 2016, Plaintiff Susan Anderson was a passenger in a 2006 Ford F150 pick-up truck being operated by John Casale, 40 Willow Avenue, Somerset, NJ 08873.

64.     Mr. Casale was operating his pick-up truck traveling west on Interstate 78.

65.     Mr. Casale encountered adverse weather and had difficulty seeing as he proceeded on Interstate 78.

66.     Notwithstanding the adverse weather and difficulty seeing, Mr. Casale proceeded to drive his pick-up truck without properly controlling the truck, causing it to crash into the vehicle owned by Defendant A-1 Limousine, Inc.

67.     After Mr. Casale's pick-up truck collided into the Defendant A-1 Limousine vehicle, the rear of the Casale pick-up truck was then impacted on a number of occasions.

68.     As a result of the numerous impacts, Plaintiff Susan Anderson sustained harm.

**COUNT I – NEGLIGENCE**
**Susan Anderson v. Michael David Kinnick, the Administrator**
**for the Estate of Alfred Kinnick and Penske Truck Leasing, Co., L.P.**
**And Penske Logistics, LLC**

69.     All prior paragraphs are incorporated herein as if fully set forth below.

70.     The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Alfred Kinnick's negligence while in the scope of his employment with Defendant Penske, generally and more specifically as set forth below.

a.      Operating a truck at a speed that was too fast given the adverse weather conditions;

b.      In failing to abide by the assured clear distance ahead rule;

c.      In failing to have sufficient control of Defendant Penske's tractor-trailer, given the adverse weather conditions;

d.      In failing to be continuously alert and control a commercial tractor-trailer;

e.     In causing his tractor-trailer to "jack knife", thereby blocking Interstate 78, causing the numerous vehicles, traveling west on Interstate 78 to crash, including the collisions involving Plaintiff, Susan Anderson;

f.     In failing to have Defendant Penske's truck under such control that injury to persons or property could be avoided;

g.     In failing to be reasonably diligent to observe the road conditions then and there existing;

h.     In driving Defendant Penske's truck with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

i.     Mr. Kinnick was operating a tractor trailer while talking on his cell phone, therefore being distracted from safely operating a tractor-trailer.

## COUNT II - RESPONDEAT SUPERIOR
## Susan Anderson v. Penske Truck Leasing Co., L.P.
## and Penske Logistics, LLC

71.     All prior paragraphs are incorporated herein as if fully set forth below.

72.     At all material times hereto, Mr. Kinnick was an agent, servant or employee of Defendant Penske Truck Leasing and/or Penske Logistics.

73.     As a direct and proximate result of Mr. Kinnick's negligence, Plaintiff Susan Anderson sustained harm.

74.     The negligent conduct of Mr. Kinnick occurred while acting in and upon the business of Defendant Penske Truck Leasing and/or Penske Logistics.

75.     Defendant Penske Truck Leasing and/or Defendant Penske Logistics is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT III – NEGLIGENCE
### Susan Anderson v. Michael David Kinnick, the Administrator
### For the Estate of Alfred Kinnick and Transervice Logistics, Inc.

76.     All prior paragraphs are incorporated herein as if fully set forth below.

77.     The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Alfred Kinnick's negligence while in the scope of his employment with Defendant Transervice Logistics, Inc., generally and more specifically as set forth below.

    a.  Operating a truck at a speed that was too fast given the adverse weather conditions;

    b.  In failing to abide by the assured clear distance ahead rule;

    c.  In failing to have sufficient control of Defendant Transervice Logistic's tractor-trailer, given the adverse weather conditions;

    d.  In failing to be continuously alert and control a commercial tractor;

    e.  In causing his tractor-trailer to "jack knife", thereby blocking Interstate 78, causing the numerous vehicles, traveling west on Interstate 78 to crash, including the collisions involving Plaintiff, Susan Anderson;

f.   In failing to have Defendant Transervice Logistic Inc.'s truck under such control that injury to persons or property could be avoided;

g.   In failing to be reasonably diligent to observe the road conditions then and there existing;

h.   In driving Defendant Transervice Logistic Inc.'s truck with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

i.   Mr. Kinnick was operating a tractor trailer while talking on his cell phone, therefore being distracted from safely operating a tractor-trailer.

## COUNT IV - RESPONDEAT SUPERIOR
### Susan Anderson v. Transervice Logistics, Inc.

78.   All prior paragraphs are incorporated herein as if fully set forth below.

79.   At all material times hereto, Mr. Kinnick was an agent, servant and/or employee of Defendant Transervice Logistics, Inc.

80.   As a direct and proximate result of Mr. Kinnick's negligence, Plaintiff Susan Anderson sustained harm.

81.   The negligent conduct of Mr. Kinnick occurred while acting in and upon the business of Transervice Logistic, Inc.

82.   Defendant Transervice Logistics, Inc. is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT V – NEGLIGENCE
### Susan Anderson v. Shota Manvelidze and
### FedEx Ground Package System, Inc. and Federal Express Corporation

83.    All prior paragraphs are incorporated herein as if fully set forth below.

84.    The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Defendant Shota Manvelidze's negligence while in the scope of his employment with Defendant FedEx Ground and/or Federal Express, generally and more specifically as set forth below.

     a.    Operating a truck at a speed that was too fast given the adverse weather conditions;

     b.    In failing to abide by the assured clear distance ahead rule;

     c.    In failing to have sufficient control of Defendant FedEx Ground/Federal Express's truck, given the adverse weather conditions;

     d.    In failing to be continuously alert and control a commercial tractor-trailer;

     e.    Coming to a sudden stop in the middle of Interstate 78, thereby blocking all west bound travel lanes when he had the opportunity to pull off the travel portion of Interstate 78, thus causing

numerous collisions behind him, including the collisions involving
Plaintiff Susan Anderson;

f.   In failing to have Defendant FedEx Ground/Federal Express's
     truck under such control that injury to persons or property could
     be avoided;

g.   In failing to be reasonably diligent to observe the road conditions
     then and there existing;

h.   In driving Defendant FedEx Ground/Federal Express's truck with
     careless disregard for the safety of persons or property in violation
     of 75 Pa. C.S.A. §3714;

**COUNT VI – RESPONDEAT SUPERIOR**
**Susan Anderson v. FedEx Ground Package System, Inc. and**
**Federal Express Corporation**

85.   All prior paragraphs are incorporated herein as if fully set forth below.

86.   At all material times hereto, Defendant Manvelidze was an agent,
servant and/or employee of Defendant FedEx Ground and/or Federal Express.

87.   As a direct and proximate result of Defendant Manvelidze's negligence,
Plaintiff Susan Anderson sustained harm.

88.   The negligent conduct of Defendant Manvelidze occurred while acting
in and upon the business of Defendant FedEx Ground and/or Federal Express.

89.     Defendant FedEx Ground and/or Federal Express is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT VII - NEGLIGENCE
### Susan Anderson v. Keith Coyle and A-1 Limousine, Inc.

90.     All prior paragraphs are incorporated herein as if fully set forth below.

91.     The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Defendant Keith Coyle's negligence while in the scope of his employment with Defendant A-1 Limousine, Inc., and more specifically as set forth below.

a.  Operating a bus at a speed that was too fast given the adverse weather conditions;

b.  In failing to abide by the assured clear distance ahead rule;

c.  In failing to have sufficient control of Defendant A-1 Limousine, Inc's bus, given the adverse weather conditions;

d.  In failing to be continuously alert and control a commercial bus;

e.  Coming to a sudden stop in the middle of interstate 78, thereby blocking all west bound travel lanes when he had the opportunity to pull off the travel portion of Interstate 78, thus causing numerous

collisions behind him, including the collisions involving Plaintiff Susan Anderson;

f.  In failing to have Defendant A-1 Limousine, Inc's bus under such control that injury to persons or property could be avoided;

g.  In failing to be reasonably diligent to observe the road conditions then and there existing;

h.  In driving Defendant, A-1 Limousine, Inc's bus with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

## COUNT VIII – RESPONDEAT SUPERIOR
## Susan Anderson v. A-1 Limousine, Inc.

92.   All prior paragraphs are incorporated herein as if fully set forth below.

93.   At all material times hereto, Defendant Coyle was an agent, servant or employee of Defendant A-1 Limousine, Inc.

94.   As a direct and proximate result of Defendant Coyle's negligence, Plaintiff Susan Anderson sustained harm.

95.   The negligent conduct of Defendant Coyle occurred while acting in and upon the business of Defendant A-1 Limousine, Inc.

96.   Defendant A-1 Limousine, Inc. is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT IX – NEGLIGENCE
## Susan Anderson v. Solomon Garrett and Gates Equipment Services

97.     All prior paragraphs are incorporated herein as if fully set forth below.

98.     The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Defendant Solomon Garrett's negligence while in the scope of his employment with Defendant Gates Equipment Services, generally and more specifically as set forth below.

   a.  Operating a truck at a speed that was too fast given the adverse weather conditions;

   b.  In failing to abide by the assured clear distance ahead rule;

   c.  In failing to have sufficient control of Defendant Gates Equipment Services given the adverse weather conditions;

   d.  In failing to be continuously alert and control a commercial truck;

   e.  In failing to have Defendant Gates Equipment Services' truck under such control that injury to persons or property could be avoided;

   f.  In failing to be reasonably diligent to observe the road conditions then and there existing;

g.   In driving Defendant, Gates Equipment Services' truck, with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

h.   In driving Defendant, Gates Equipment Services' truck into the rear of John Casale's pick-up truck, causing harm to Plaintiff Susan Anderson.

## COUNT X – RESPONDEAT SUPERIOR
## Susan Anderson v. Solomon Garrett and Gates Equipment Services

99.   All prior paragraphs are incorporated herein as if fully set forth below.

100.   At all material times hereto, Defendant Garrett was an agent, servant or employee of Defendant Gates Equipment Services.

101.   As a direct and proximate result of Defendant Garrett's negligence, Plaintiff Susan Anderson sustained harm.

102.   The negligent conduct of Defendant Garrett occurred while acting in and upon the business of Defendant Gates Equipment Services.

103.   Defendant Gates Equipment Services is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT XI – NEGLIGENCE
## Susan Anderson v. Solomon Garrett and Lone Star Transportation, LLC

104.   All prior paragraphs are incorporated herein as if fully set forth below.

105.   The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Defendant Solomon Garrett's negligence while in the scope of his employment with Defendant, Lone Star Transportation, LLC, generally and more specifically as set forth below.

   a.  Operating a truck at a speed that was too fast given the adverse weather conditions;

   b.  In failing to abide by the assured clear distance rule ahead;

   c.  In failing to have sufficient control of Defendant Lone Star;

   d.  In failing to be continuously alert and control a commercial truck;

   e.  In failing to have Defendant Lone Star's truck, under such control that injury to persons or property could be avoided;

   f.  In failing to be reasonably diligent to observe the road conditions then and there existing;

   g.  In driving Defendant, Lone Star's truck, with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

   h.  In driving his truck into the rear of John Casale's pick-up truck, causing harm to Plaintiff Susan Anderson.

## COUNT XII – RESPONDEAT SUPERIOR
## Susan Anderson v. Solomon Garrett and Lone Star Transportation, LLC

106.   All prior paragraphs are incorporated herein as if fully set forth below.

107.   At all material times hereto, Defendant Garrett was an agent, servant or employee of Defendant Lone Star Transportation, LLC.

108.   As a direct and proximate result of Defendant Garrett's negligence, Plaintiff Susan Anderson sustained harm.

109.   The negligent conduct of Defendant Garrett occurred while acting in and upon the business of Defendant Lone Star Transportation, LLC.

110.   Defendant Lone Star Transportation, LLC. is vicariously liable for Plaintiff, Susan Anderson's harm, as a result of the subject motor vehicle collisions.

## COUNT XIII – NEGLIGENCE
## Susan Anderson v. Omar Placencio-Correa

111.   All prior paragraphs are incorporated herein as if fully set forth below.

112.   The aforementioned collisions and the damages sustained by Plaintiffs Susan Anderson and Timothy Buckley were caused directly and proximately by Defendant Omar Placencio-Correa, generally and more specifically as set forth below.

      a.  Operating a truck at a speed that was too fast given the adverse weather conditions;

      b.  In failing to abide by the assured clear distance ahead rule;

c.  In failing to have sufficient control of his tractor-trailer;

d.  In failing to be continuously alert and control a commercial truck;

e.  In failing to have his tractor-trailer under such control that injury to persons or property could be avoided;

f.  In failing to be reasonably diligent to observe the road conditions then and there existing;

g.  In driving a tractor-trailer with careless disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3714;

h.  In driving his truck into Decedent Kinnick's truck, causing harm to Plaintiff Susan Anderson.

## CLAIM I - DAMAGES
**Susan Anderson v. Michael David Kinnick, the Administrator for the Estate of Alfred Kinnick and Penske Truck Leasing Co., LP and Penske Logistics, LLC, and Transervice Logistics, Inc., Shota Manvelidze and FedEx Ground Package System, Inc. and Federal Express Corporation, Keith Coyle and A-1 Limousine, Inc., Solomon Garrett and Gates Equipment Services and Lone Star Transportation, LLC, and Omar Placencio-Correa**

113.   All prior paragraphs are incorporated herein as if fully set forth below.

114.   As a direct and proximate result of Defendants' combined negligence, Susan Anderson has suffered personal injuries including but not limited to the following:

a.  A fractured right wrist, fractured cervical spine and a herniated disk to her cervical spine requiring anterior cervical discectomy and fusion surgery;

b.  As a direct result of the Defendants' negligence, Ms. Anderson has undergone continuing medical care for the aforesaid injuries;

c.  Suffered physical pain, discomfort and mental anguish and will continue to endure the same for an indefinite period of time in the future to her physical, emotional and financial detriment and loss;

d.  Be compelled, in order to effectuate a cure for the aforesaid injuries to spend money for medicine and/or medical attention and will require to spend money for the same purposes in the future to her detriment and loss;

e.  Suffered a loss of life's pleasures and she will continue to suffer the same in the future to her detriment and loss;

f.  Has been and will in the future be hindered from attending her daily duties and chores to her detriment and loss;

g.  Suffered a loss of income and loss of earning capacity;

h.  Suffered a permanent disfigurement as a result of the cervical spine surgery;

115.   Ms. Anderson believes, and therefore avers, that her injuries are serious and permanent in nature.

## CLAIM II – LOSS OF CONSORTIUM
**Susan Anderson v. Michael David Kinnick, the Administrator for the Estate of Alfred Kinnick and Penske Truck Leasing Co., LP and Penske Logistics, LLC, and Transervice Logistics, Inc., Shota Manvelidze and FedEx Ground Package System, Inc. and Federal Express Corporation, Keith Coyle and A-1 Limousine, Inc., Solomon Garrett and Gates Equipment Services and Lone Star Transportation, LLC, and Omar Placencio-Correa**

116.   All prior paragraphs are incorporated herein as if set forth fully below.

117.   At all times material hereto, Plaintiffs, Susan Anderson and Timothy Buckley, were lawfully married as man and wife.

118.   As a direct and proximate result of Defendants' negligence, Plaintiff, Timothy Buckley, has suffered a loss of consortium, society, and comfort from his wife, Susan Anderson, and he will continue to suffer a similar loss in the future.

119.   As a direct and proximate result of Defendants' negligence, Plaintiff, Timothy Buckley, has been compelled, in order to effect a cure for his wife's injuries, to expend money for medicine and medical attention and will be required to expend money for the same purposes in the future, to his detriment and loss.

**WHEREFORE**, Plaintiffs Susan Anderson and Timothy Buckley demand judgment against Defendant Michael David Kinnick, the Administrator for the Estate of Alfred Kinnick and Defendant Penske Truck Leasing Co., L.P., and Defendant Penske Logistics, Inc., Defendant Shota Manvelidze and Defendant FedEx Ground Package System, Inc. and Federal Express Corporation,  Defendant Keith Coyle and Defendant A-1 Limousine, Inc., Defendant Solomon Garrett and Defendant Gates Equipment Services and Lone Star Transportation, LLC, and Omar Placencio-Correa, in an amount in excess of $75,000.00, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

**HANDLER, HENNING & ROSENBERG, LLP**

Dated: October 17, 2017       By **s/**David L. Lutz_____
David L. Lutz (PA 35956)
**HANDLER, HENNING & ROSENBERG, LLP**
1300 Linglestown Road, Suite 2
Harrisburg, PA 17110
Ph. 717.238.2000
Fax 717.233.3029
lutz@hhrlaw.com

*Attorney for Plaintiffs,*
*Susan and Timothy Buckley*